B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

District of Arizona

In re ERKAN KURNAZ,           Case No. 2:11-bk-12301-PS

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| PROF 2013 S3 Legal Title Trust, by U.S. Bank National Association, as Legal Title Trustee | BAC Home Loans Servicing, L.P. fka |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
Fay Servicing, LLC
939 W. North Avenue, Suite 680
Chicago, IL 60642

Court Claim # (if known): 6-1
Amount of Claim: $261,990.45
Date Claim Filed: 06/02/2011

Phone: (312) 780-0011
Last Four Digits of Acct #: 4902

Phone: _____
Last Four Digits of Acct. #: 1725

Name and Address where transferee payments should be sent (if different from above):
Fay Servicing, LLC
939 W. North Avenue, Suite 680
Chicago, IL 60642

Phone: (312) 780-0011
Last Four Digits of Acct #: 4902

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/ Philip J. Giles_ (SBN 030340)     Date: 09/15/2015
    Transferee's Agent
Philip J. Giles

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Prepared by: SHIRLEY THIESSEN


LOAN #

# NOTE

DECEMBER 06, 2007         SURPRISE                    ARIZONA
[Date]                    [City]                     [State]

4805 W ARDMORE RD, LAVEEN, AZ 85339
[Property Address]

**1. BORROWER'S PROMISE TO PAY**
   In return for a loan that I have received, I promise to pay U.S. $ 270,000.00         (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is
Countrywide Bank, FSB.
I will make all payments under this Note in the form of cash, check or money order.
   I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**
   Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   6.000 %.
   The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**
   (A) Time and Place of Payments
   I will pay principal and interest by making a payment every month.
   I will make my monthly payment on the   FIRST        day of each month beginning on
 FEBRUARY 01, 2008    . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on   JANUARY 01, 2038    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
   I will make my monthly payments at
P.O. Box 10219, Van Nuys, CA 91410-0219
or at a different place if required by the Note Holder.
   (B) Amount of Monthly Payments
   My monthly payment will be in the amount of U.S. $ 1,618.79         .

**4. BORROWER'S RIGHT TO PREPAY**
   I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
   I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**5. LOAN CHARGES**
   If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**
   (A) Late Charge for Overdue Payments
   If the Note Holder has not received the full amount of any monthly payment by the end of   FIFTEEN        calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

   (B) Default
   If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                Initials: E.C
Page 1 of 2
VMP -5N (0207).01    CHL (010/04)(d)    VMP Mortgage Solutions, Inc.                               Form 3200 1/01

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

PAY TO THE ORDER OF
WITHOUT RECOURSE
COUNTRYWIDE BANK, FSB
BY _____
*Laurie Meder*
LAURIE MEDER
SENIOR VICE PRESIDENT

PAY TO THE ORDER OF
COUNTRYWIDE HOME LOANS, INC
WITHOUT RECOURSE
COUNTRYWIDE BANK, FSB
BY _____
*Laurie Meder*
LAURIE MEDER
SENIOR VICE PRESIDENT

PAY TO THE ORDER OF
_____
WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC
BY _____
*Michele Sjolander*
MICHELE SJOLANDER
EXECUTIVE VICE PRESIDENT

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)    _____ (Seal)
ERKAN KURNAZ                    -Borrower                                  -Borrower

_____ (Seal)    _____ (Seal)
                                -Borrower                                  -Borrower

*[Sign Original Only]*

Philip J. Giles (SBN 030340)
PGiles@aldridgepite.com
David E. McAllister (SBN 021551)
dmcallister@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385


Attorneys for
PROF 2013 S3 Legal Title Trust, by U.S. Bank National Association, as Legal Title Trustee

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>ERKAN KURNAZ,<br><br>Debtor. | Case No. 2:11-bk-12301-PS<br><br>Chapter 11<br><br>**PROOF OF SERVICE** |

I, Maricela Sanchez-Estrada, declare that:

I am employed in the County of San Diego, State of California. My business address is 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933. I am over the age of eighteen years and not a party to this cause.

On September 30, 2015, I served the **Notice of Transfer of Claim** in said cause by electronic means through the court's CM/ECF system or by placing true and correct copies thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Diego, California, addressed as follows:

ERKAN KURNAZ
11218 W. MINNEZONA AVE
PHOENIX, AZ 85037
(Via U.S. Mail)

Charles M. Leftwich, Jr.
LEFTWICH LAW
3610 N. 44TH ST., #140
PHOENIX, AZ 85018
charles.leftwich@gmail.com
(Via Email)

-1- CASE NO. 2:11-bk-12301-PS
**PROOF OF SERVICE**

| | |
|---|---|
| 1 | ALLAN 1 NEWDELMAN |
| 2 | ALLAN D NEWDELMAN PC |
|   | 80 E. COLUMBUS AVE. |
|   | PHOENIX, AZ 85012 |
|   | anewdelman@adnlaw.net |
|   | (Via Email) |

ALLAN 1 NEWDELMAN
ALLAN D NEWDELMAN PC
80 E. COLUMBUS AVE.
PHOENIX, AZ 85012
anewdelman@adnlaw.net
(Via Email)

CHRISTOPHER J PATTOCK
OFFICE OF THE U.S. TRUSTEE
230 N. FIRST AVE., #204
PHOENIX, AZ 85003-1706
Christopher.J.Pattock@usdoj.gov
(Via Email)

U.S. Trustee
Department of Justice
OFFICE OF THE U.S. TRUSTEE
230 NORTH FIRST AVENUE
SUITE 204
PHOENIX, AZ 85003
USTPRegion14.PX.ECF@USDOJ.GOV
(Via Email)

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 30, 2015        /s/ *Maricela Sanchez-Estrada*
                                 MARICELA SANCHEZ-ESTRADA

-2-  CASE NO. 2:11-bk-12301-PS

**PROOF OF SERVICE**